Tbe opinion of tbe Court was delivered by
MuNro, J.
This was an application for tbe benefit of tbe Insolvent Debtors’ Act. Tbe applicant’s right to his discharge was resisted by bis creditors, whereupon be was examined under oath, in conformity with tbe provisions of tbe Act of 1836, touching tbe fairness of his schedule.
Tbe contestants, not being satisfied with tbe result of tbe applicant’s examination, persisted in resisting bis discharge, and upon tbe affidavit of one of tbe contestants, moved for leave to file suggestions of fraud, in order that an issue might be made up, and tbe matter submitted to a jury.
*361 The motion was refused by the circuit judge, so that his ruling is now charged as error in the grounds of appeal.
The reasons assigned by the circuit judge, for his refusal to sustain the motion, are thus stated in his report: “The examination of the applicant did not satisfy me that he was guilty of fraud; nor did the affidavit of C. C. Parrar, specify, except vaguely, and on-general belief, that Maffett’s conduct was fraudulent. By his examination the applicant had denied all the allegations of fraud set forth in the affidavit.”
Upon the .application of a party claiming the benefit of the Insolvent Debtors’ Act, if the judge, before whom the application is made is satisfied, either from the personal examination of the applicant, or from any other source, that he has failed to make a full and fair surrender of his estate for the benefit of his creditors; or has in any other particular failed to comply with the requisitions of the law, it is his duty to refuse the application, and leave the matter to be passed upon by a jury, upon suggestions to be filed for that purpose, as was done in the case of Rosser vs. Moye, 1 Rich. 62.
But if, on the contrary, he is satisfied that the debtor has made a fair surrender of his estate, it is equally his duty to discharge him.
It is true, that notwithstanding the applicant’s examination under oath, -and his denial of the various matters alleged in opposition to his discharge, the creditors are not thereby precluded from controverting the truth of his statements, and of submitting the same to the arbitrament of a jury. But it is equally clear, that their right to do so can only be sustained where the charges of fraud are clear, distinct, and specific, and not founded as was the case here, upon mere hearsay and rumor.
Of the sufficiency, however, of the showing to sustain a motion of this kind, and whether its tendency will be to protect the interests of' creditors, or on the contrary to hinder or *362 delay the applicant’s discharge, are matters that must necessarily be left to the exercise of a sound discretion on the part of the judge before whom-the application is made; with the exercise of which, it would be to say the least of it, unwise for an appellate tribunal to interfere.
Wherefore the motion is dismissed.
O’Neall, Wardlaw, Whitker and G-loyer, JJ., concurred.

Motion dismissed.